IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW SEROTA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-462 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| SARAH L. JANOSIK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant's Motion to Dismiss (Doc. 10) will be granted.

This is a diversity action, alleging defamation. The purportedly libelous letter, dated May 27, 2020 ("the May 27th Letter"), was directed to a court-appointed receiver ("the Receiver") in a pending state action, *Concerned Owners of Homes in London Towne Homeowners Association v. London Towne Homeowners Association, et al.*, GD-19-004563 (Ct. Comm. Pls. of Allegheny County, lead consolidated case) (Ward, Christine, J., presiding). The state action was initiated in March 2019, with the express intent of establishing a receivership. *See* Pet. to Appoint Receiver, Doc. 1 in state action (available online through the County's public docket website).

The Plaintiff here, Mr. Serota, was addressed in the state petition. *See id.* at ¶¶ 6, 17 & 30 (alleging, among other things, that the HOA executive board acted "in order to benefit [Mr.] Serota"). Mr. Serota petitioned to intervene in the state action, in July 2019, and his request promptly was granted. *See* Doc. 8 in state action.

The May 27th Letter was, by its own terms, in response to a May 18, 2020 letter, addressed to Judge Ward regarding the litigation. *See* May 27th Letter (filed under Doc. 1-1

in this case, at pgs. 40 through 43 of 45). The May 18th letter, signed by nine members of the HOA, complained regarding the Receiver's handling of his duties. *See* Doc. 10-7. Defendant asserts, and Plaintiff fails to dispute, that one of the May 18th signatories was Mr. Serota's spouse, Jennifer Paros. *See* Def.'s Br. (Doc. 11) at 4; *see also* May 27th Letter ("[t]he listed names on the [May 18th] letter sent to Judge Ward [included Mr. Serota's] wife, Jen[nifer] Paros").[1]

The contents of the May 27th Letter were directed to matters litigated in the state action. The May 18th letter was transmitted to Judge Ward, and it noted that "[a] copy of [the] letter ha[d] also been sent to the Receiver[,] as a final urgent plea . . . that he [would] voluntarily undertake [his] necessary fiduciary duties without further delay or . . . judicial intervention." Doc. 10-7 at 3. The May 27th Letter was transmitted to the Receiver, in direct response to the May 18th letter, and closed by asking that he "include th[e] letter with any response to Judge Ward." Doc. 1-1 at pg. 42 of 45.

That the May 18th letter − improvidently, in this Court's view − was transmitted as correspondence to the judge, rather than being filed on the docket, does not control. Nor should the May 27th signatories' having followed suit. Had the letters been filed as motion(s)/ response(s) on the docket, litigation privilege undoubtedly would have attached. *See* Binder v. Triangle Pubs., Inc., 275 A.2d 53, 56 (Pa. 1971) ("All communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse."). That the signatories chose a disfavored route in seeking relief is unfortunate, but it is not legally

---

[1] This fact aside, all of the information herein derives from public-record sources, of which the Court takes judicial notice. Although Defendant contemplates, and Plaintiff purports to resist, a conversion to summary judgment, discovery is unnecessary for the purposes of the Court's analyses (nor could anything uncovered through discovery modify its conclusions).

determinative. *Compare* Post v. Mendel, 507 A.2d 351, 355 (Pa. 1986) (immunity extends to "communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought") *with* May 18th letter (directed to Judge Ward, and urging the Receiver to fulfill his fiduciary duties without further delay or judicial intervention) *and* May 27th Letter (responding to the contents of the May 18th letter, and requesting that the transmission be forwarded to Judge Ward along with the Receiver's response).[2]

Defendant is immune, and Plaintiff's case must be dismissed. And although no specific abstention doctrine is on point (and the Court expressly declines to rely on any), this result is consistent with principles of sound judicial administration.

Plaintiff and Defendant, among many, are deeply entrenched in years-long, consolidated state court proceedings regarding their overarching HOA disputes.[3] Plaintiff's accusations of defamation (albeit, in a slightly different context) have been placed before Judge Ward − and things decidedly have not gone Plaintiff's way. *See* Def.'s Supp. Br. (Doc. 22) at ¶¶ 5-7 (noting Judge Ward's recent dismissal, with prejudice, of Mr. Serota's consolidated action, alleging defamation in connection with an HOA meeting in August 2019).[4] Allowing Plaintiff to

---

[2] Although Plaintiff argues that the transmission of undocketed correspondence is outside "the regular course of judicial proceedings," his position is specious. The availability of immunity cannot properly turn on the fact that the authors of May 18th letter (*including Plaintiff's own spouse*) did not know better than to send a letter, as opposed to requesting relief through a filing on the docket. Even less so should immunity lapse merely because Defendant and her co-signatories followed course.

[3] To be clear, Defendant Sarah Janosik purportedly signed the May 27th Letter, collectively, "Mike & Sarah Janosik." Doc. 1-1 at pg. 43 of 45. Mike Janosik is a named party in the consolidated state action.

[4] The parties' cross-Motions to supplement (**Docs. 22 & 23**) are **GRANTED**. Their Motions aside, the Court may take judicial notice of the filings before Judge Ward, and her rulings.

3

proceed through separate, parallel state and federal proceedings – under the banner of diversity jurisdiction – raises significant concerns regarding comity between the state and federal tribunals, not to mention forum-shopping.[5]

The preclusive doctrine that would apply, if any, is *Colorado-River* abstention. Although the present scenario implicates many of the principles underlying the doctrine, it is narrowly drawn and cannot be applied in this case. *Compare* Ryan v. Johnson, 115 F.3d 193, 195-96 (3d Cir. 1997) (the doctrine is one of "wise judicial administration," intended to foster "conservation of judicial resources and comprehensive disposition of litigation"; and factors favoring its application include "the inconvenience of the federal forum," "the desirability of avoiding piecemeal litigation" and "the order in which jurisdiction was obtained by the concurrent forums") *with id.* (these things notwithstanding, the doctrine is very narrowly applied, "only [in the most] exceptional circumstances").

In any event, the Court has reached the merits of Plaintiff's claims, and has found them lacking. This result seems fortunate, given the many offenses to judicial administration (not to mention, principles of comity and the prevention of forum-shopping) that would result from dual litigation. And while the Court would endure such a result if so constrained, the meritoriousness of Defendant's Motion avoids it.

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 10**) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. Because the analyses herein are dispositive

---

[5] The Court also finds curious Mr. Serota's decision to file *four* lawsuits in this Court, against the many May 27th signatories, stating materially identical facts and claims. *Compare* Compl., here, with those in Civil Action Nos. 21-684, 21-685 & 21-686. By now, nearly all signatories have been named as defendants, albeit through multiple different lawsuits. This surely has made defense more challenging, and seems particularly odd, given that Plaintiff's strategy has resulted in him paying four filing fees (of $402) instead of one.

of the materially-similar motions to dismiss in Plaintiff's sundry additional lawsuits, those motions likewise will be summarily granted, and the analyses herein incorporated by reference.

    IT IS SO ORDERED.


December 28, 2021                              s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record